## SUPREME COURT.

THE PEOPLE *ex rel.* HARRISON A. LYON and others agt. SAMUEL PIKE and others, Commissioners of Highways, &c.

The power of commissioners of highways to *discontinue* roads is limited to roads which have, since they were laid out, become, or proved upon trial to be, useless and unnecessary. It does not extend so far as to allow them, or a jury of freeholders called by them, to review and reverse decisions of the commissioners laying out the road, especially where the decisions have been affirmed on appeal.

The proceedings of commissioners of highways for the discontinuance of a road are void where it does not appear that any ground is stated in the application for the discontinuance, and, also, where it appears that the proceedings were taken within four years from the time of the filing of the decision upon appeal, laying out the road.

The People *ex rel.* Lyon agt. Pike.

*Monroe Special Term, Dec.,* 1859.

MOTION for a peremptory mandamus.

T. R. STRONG, Justice. The power of commissioners of highways to discontinue roads does not extend so far as to allow them, or a jury of freeholders called by them, to review and reverse decisions of the commissioners laying out the road, especially where the decisions have been affirmed upon appeal. It is limited to roads which have, since they were laid out, become, or proved upon trial to be, useless and unnecessary. No ground for the application for the discontinuance of the road in question is stated in the return to the alternative mandamus, nor does it appear by the return whether the jury of freeholders found that the road was useless and unnecessary, because there never was any occasion for it, or because the occasion for it had ceased, or it had been proved by experience to be of no public benefit or convenience. I am of opinion, therefore, that the proceedings for the discontinuance of the road, as stated in the return, are a nullity.

I am inclined to think, also, that the proceedings for the discontinuance of the road are void for the further reason, that they could not be taken within four years from the time of the filing of the decision upon the appeal. By section 9 of chapter 455 of the Laws of 1847, when the referees "shall make any decision laying out, altering or discontinuing any road in whole or in part," it shall be the duty of the commissioners to carry out the decision, &c., "and such decision shall remain unaltered for the term of four years from the time the same shall have been filed in the office of the town clerk." The affirmance of the decision of the commissioners is making a decision laying out the road, within the meaning of that provision. The policy of the provision is to prevent litigation for the period specified in regard to the road, after the decision on appeal; and it is applicable to a case of affirmance of a decision of the commissioners laying out, as to a case where they have refused, and the referees have laid out the road. By a similar provision in the Revised Statutes, when the appeal was

to the judges, "no road which has been fixed by the decision of the judges, on appeal to them, shall be discontinued or altered," for the time therein mentioned, &c. This relates to cases of affirmance, as well as reversal and laying out. The existing analogous provision means the same thing, although different phraseology is employed.

It was the duty of the commissioners to carry out the determination on appeal, the same as if their decision had been in favor of the road, and there had been no appeal; that is to give the owners or occupants of the land through which the road is laid sixty days' notice in writing, to remove their fences, and, upon the default of such owners or occupants, to cause the fences to be removed; and to direct the road to be opened and worked.

The expensiveness of the road does not affect, and is no excuse for not discharging the duty of the commissioners; and the want of funds is no reason why the commissioners should not proceed as far as they can without them.

A peremptory mandamus is, therefore, allowed, requiring the commissioners to take the steps prescribed by the statute for the removal of the fences and the opening and working of the road; but they are not to be required to work the road further than as they have funds, or than funds shall be provided enabling them to do so.